UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOEL JOHN,

                              Plaintiff,

                 -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, P.O. JOHN MCMANUS,
Shield No. 15975, SGT. CLIFFORD LOUIS, Shield
No. 07293, P.O. ANTOINE GILKES, Shield No.
09869 and P.O. NICHOLAS GUELE, Shield No.
24876.

                              Defendants.

**SECOND
AMENDED
COMPLAINT**

**14-cv-5721 (ARR)(CLP)**

---

Plaintiff, JOEL JOHN, by his attorneys, ROBERT J. DIGIANNI JR., as and for his Second
Amended Complaint, hereby alleges the following:

### PRELIMINARY STATEMENT

1.       Plaintiff JOEL JOHN brings this action for compensatory damages, punitive damages
and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of his civil
rights, as said rights are secured by said statutes and the Constitutions of the State of New York and
the United States.

### JURISDICTION

2.       The action is brought pursuant to 42 U.S.C. § 1983, § 1985 and § 1988, and the
Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon
this Court by 28 U.S.C. §§ 1331, 1343(3) and (4) and the aforementioned statutory and constitutional
provisions.

3.      Plaintiff JOHN JOEL further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

## VENUE

4.      Venue is proper for the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391(a), (b), (c) and § 1402(b) because the claims arose in this district and Plaintiff JOEL JOHN resides in this district.

## THE PARTIES

5.      Plaintiff, JOEL JOHN ("Mr. John"), is and was at all relevant times hereto a citizen of the United States and a resident of the County of Kings and State of New York.

6.      Defendant, City of New York ("City"), is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

7.      Defendant, New York City Police Department ("NYPD"), is a charter agency of the City authorized to perform law enforcement functions in and for the City.  Defendant City maintains the NYPD, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

8.      Defendant, Police Officer John McManus, Shield No. 15975 ("P.O. McManus"), is and was at all times relevant hereto an employee of The City, duly appointed and acting as a police officer in NYPD, acting in the course and scope of his employment as such and in furtherance of the

interests and business of said employer and was acting under the supervision of said department and according to their official duties.

9.  Defendant, SGT. CLIFFORD LOUIS, Shield No. 07293 ("Sgt. Louis"), is and was at all times relevant hereto an employee of The City, duly appointed and acting as a police officer in NYPD, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer.

10.  Defendant, P.O. ANTOINE GILKES, Shield No. 09869 ("P.O. Gilkes"), is and was at all times relevant hereto an employee of The City, duly appointed and acting as a police officer in NYPD, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer.

11.  Defendant, P.O. NICHOLAS GUELE, Shield No. 24876 ("P.O. Guele"), is and was at all times relevant hereto an employee of The City, duly appointed and acting as a police officer in NYPD, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer.

12.  Defendants, P.O. McManus, et ano., refers to known and unknown named police officers who were at all relevant times hereto employees of defendant NYPD and were acting under the supervision of said department and according to their official duties.

13.  That at all times relevant herein, P.O. McManus was a supervisory employee of, and an agent, servant and/or employee of The City, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer, and otherwise performed and engaged in conduct incidental to the performance of his functions in the course of his duties.  He is sued individually and in his supervisory capacity.

14.     That at all times relevant herein, Sgt. Louis was a supervisory employee of, and an agent, servant and/or employee of The City, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer, and otherwise performed and engaged in conduct incidental to the performance of his functions in the course of his duties.  He is sued individually and in his supervisory capacity.

15.     That at all times relevant herein, P.O. Gilkes was a supervisory employee of, and an agent, servant and/or employee of The City, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer, and otherwise performed and engaged in conduct incidental to the performance of his functions in the course of his duties.  He is sued individually and in his supervisory capacity.

16.     That at all times relevant herein, P.O. Guele was a supervisory employee of, and an agent, servant and/or employee of The City, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer, and otherwise performed and engaged in conduct incidental to the performance of his functions in the course of his duties.  He is sued individually and in his supervisory capacity.

17.     That at all times mentioned herein, the individual defendants were acting under color of state law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of The City and the State of New York.

18.     That at all times relevant herein, the City operated, maintained, managed, supervised and controlled a police department as part of and in conjunction with its municipal functions.

19.     That at all times relevant herein, P.O. McManus, Sgt. Louis, P.O. Gilkes and P.O. Nicholas Guele were each employees of The City and NYPD and that The City and NYPD are

responsible for the actions and conduct of the individual defendants under the theory of *respondeat superior*.

20.     That at all times relevant herein, O. McManus, Sgt. Louis, P.O. Gilkes and P.O. Nicholas Guele were personnel of The City and NYPD.

21.     That at all times hereinafter mentioned and upon information and belief, The City and NYPD employed and supervised O. McManus, Sgt. Louis, P.O. Gilkes and P.O. Nicholas Guele.

22.     Upon information and belief, O. McManus, Sgt. Louis, P.O. Gilkes and P.O. Nicholas Guele were graduates of the Police Academy of The City of New York, where they received training and instruction set forth and sanctioned by The City and NYPD.  Further, while at The Police Academy and intermittently thereafter, Patrol Officers and Police Officers including the named defendants receive training and instruction formulated by The City and NYPD and said training includes instruction as to custom and practice of The City and NYPD and same relates to the arrest procedure and procedure surrounding stops and frisks.  Said custom and practice, and said training and instruction regarding arrests, stops and frisks, by the very nature of the custom and practice violate the civil rights of the public, including the plaintiff herein, and said custom and practice infringe upon the rights of the public at large, including the plaintiff herein.  In this subject case, the enforcement of the said custom and practice did in fact violate the rights of the plaintiff herein.

23.     At all times relevant hereto, The City had the duty to competently and sufficiently train, within the Police Academy and at the Command, Precinct and Patrol levels, O. McManus, Sgt. Louis, P.O. Gilkes and P.O. Nicholas Guele, to conform their conduct to a standard for the protection of individuals, such as plaintiff, against the unreasonable risk of harm by conducting themselves in such a manner so as not to intentionally, wantonly and/or negligently inflict injuries to citizens such as plaintiff herein.

24.     At all times relevant hereto, The City had the duty to competently and sufficiently train within the Police Academy and at the Command, Precinct and Patrol levels, O. McManus, Sgt. Louis, P.O. Gilkes and P.O. Nicholas Guele, in the protections of the rights of plaintiff under the Constitution and the Bill of Rights. O. McManus, Sgt. Louis, P.O. Gilkes and P.O. Nicholas Guele were acting in their capacities as employees, agents or servants of The City.

25.     At all times hereinafter mentioned, O. McManus, Sgt. Louis, P.O. Gilkes and P.O. Nicholas Guele were acting under color of law.

26.     At all times hereinafter mentioned, the defendants' acts constituted state action.

27.     That at all times hereinafter mentioned, O. McManus, Sgt. Louis, P.O. Gilkes and P.O. Nicholas Guele were on duty and/or acting as employees, agents or servants of The City and were also present at the same time and in the same place as plaintiff as aforesaid.

## STATEMENT OF FACTS

28.     That or about August 31, 2013, Mr. John was a lawful citizen abiding by all laws, statutes and ordinances of the State of New York and the United State of America.

29.     That on or about August 31, 2013, Mr. John resided at 1935 Bedford Avenue in the County of Kings and State of New York ("residence").

30.     On or about August 31, 2013, Mr. John was lawfully within the confines of his residence.

31.     On August 31, 2013, Mr. John was lawfully holding a properly licensed charity event within the confines of his home in connection with the West Indian Day Parade.

32.     On August 31, 2013, P.O. McManus, Sgt. Louis and P.O Gilkes unlawfully and without cause or justification, forced their way and broke into plaintiff's residence.

33.     On August 31, 2013, P.O. McManus, Sgt. Louis and P.O Gilkes broke through the plaintiff's closed gate where they yelled, cursed, insulted, humiliated, brutalized, battered, assaulted, falsely arrested and unlawfully imprisoned Mr. John.

34.     On August 31, 2013, P.O. McManus, Sgt. Louis and/or P.O Gilkes told Mr. John that "this is not a West Indian neighborhood anymore," and preceded to arrest Mr. John despite the fact the event was legitimate.

35.     On August 31, 2013, Mr. John was beaten, handcuffed and thrown into a police vehicle.

36.     On August 31, 2013, Mr. John was taken to the 71st Precinct stationhouse without any cause or justification.

37.     On August 31, 2013, defendants' police officers illegally strip-searched and falsely charged Mr. John with resisting arrest, unlawful possession of marijuana and prohibited noise.

38.     On August 31, 2013, defendants' police officers improperly arrested Mr. John.

39.     On August 31, 2013, Mr. John was beaten, battered and assaulted by defendants' police officers.

40.     That at that time and all relevant times herein, defendants' police officers had/have submitted no evidence to substantiate any of their claims against Mr. John.

41.     That at all times relevant herein, P.O. McManus, Sgt. Louis and/or P.O Gilkes handcuffed Mr. John unnecessarily and unreasonably tight and painfully restrained his arms behind his back thereby causing injury.  P.O. McManus, Sgt. Louis and/or P.O Gilkes repeatedly assaulted plaintiff after said handcuffs were applied and plaintiff was restrained.

42.     That the arresting officer(s) knowingly, intentionally, recklessly or negligently placed Mr. John in excessively tight hand-cuffs, causing his pain and suffering and emotional distress.

43.     That on or about August 31, 2013, P. P.O. McManus, Sgt. Louis and/or P.O Gilkes unlawfully threw Mr. John into the NYPD vehicle, without any cause, basis or justification.

44.     Mr. John did not resist or obstruct his arrest in any way.

45.     That on or about August 31, 2013, Mr. John remained falsely and unlawfully imprisoned at the 71st Precinct stationhouse, without any cause, basis or justification.

46.     That at all times relevant herein, Mr. John was taken from the 71st Precinct stationhouse to Central Booking where he remained falsely and unlawfully imprisoned for an extended period of time, without any cause, basis or justification where he was forced to defend himself and answer for the aforementioned unjust and baseless criminal charges, which were the subject of the malicious prosecution that was initiated by the defendants.

47.     That at all times relevant herein, as a result of the false arrest, Mr. John was falsely and improperly imprisoned for and was forced to defend himself against criminal charges that were baseless and maliciously initiated (Docket Number 2013KN067238; Arrest No.: K13678720).

48.     That the arrest of Mr. John by the individual defendants was perpetrated without a warrant or other legal process and without probable cause.

49.     That on September 7, 2013, Mr. John was again lawfully within the confines of his residence.

50.     That on September 7, 2013, P.O. Guelle, and other presently unknown officers of the 71st Precinct unlawfully, and without justification forced their way into plaintiff's residence.

51.     That on September 7, 2013, P.O. Guelle broke into plaintiff's residence and yelled, cursed, humiliated, brutalized, battered and assaulted Mr. John again.

52.     That on September 7, 2013, when attempting to unlawfully force his way into plaintiff's residence, P.O. Guelle threatened to shoot Mr. John's dogs, who were lawfully confined within the residence.

53.     That on September 7, 2013, P.O. Guelle unlawfully attempted to forcefully pull Mr. John out of his residence.

54.     That on September 7, 2013, P.O. Guelle brutalized Mr. John and his family and then simply issued a Summons and left.

55.     That at all times herein, defendants' police officers unlawfully entered plaintiff's premises without consent, cause or warrant, assaulted Mr. John and placed him under arrest.

56.     That defendants' police officers acted on each of the aforementioned dates in furtherance to a conspiracy to unlawfully harass Mr. John.

57.     That as aforesaid, defendants' police officers' statements to Mr. John constitute an admission that their conspiracy was based upon a prejudice against individuals of West Indian descent.

58.     That at all times herein, the neighborhood in which Mr. John's residence was for many years predominantly populated by peoples of West Indian descent.

59.     That at all times herein, Mr. John's neighborhood is presently undergoing "gentrification," wherein predominantly peoples of Caucasian descent are moving into the neighborhood, thus changing the neighborhood's demographic.

60.     That the defendants' police officers' statements to Mr. John constitute an admission that they are aware that Mr. John's neighborhood is "gentrifying."

61.     That the defendants' police officers' statements to Mr. John constitute an admission that the purpose for their contact with him on each occasion was based upon municipal directive,

policy and practice that prejudiced people of West Indian descent to favor, protect and promulgate the "gentrification" of the neighborhood.

62.     That at all times as aforesaid, P.O. McManus, Sgt. Louis, P.O. Gilkes and P.O. Guele made false representations, accusations, allegations and complaints concerning Mr. John to agents, servants and/or employees of NYPD and The City and the Kings County District Attorney's Office acted on the representations of the defendants herein and initiated criminal proceedings against the plaintiff herein.

63.     Furthermore, the defendants knew that the District Attorney's Office would rely upon their representations and the defendants knew that the District Attorney's Office would file criminal charges and prosecute the plaintiff based upon their representations and the allegations and facts that these named individual defendants communicated to the District Attorney's Office.

64.     Additionally, the individual defendants knew that the allegations that they communicated to the District Attorney's Office were false, exaggerated, inaccurate and untrue but they communicated said allegations nonetheless, knowing that plaintiff would be subjected to a criminal prosecution and knowing that the plaintiff's freedom and liberty would be jeopardized and, if convicted upon the false charges, plaintiff would be incarcerated, thereby losing his freedom and liberty.

65.     As will be discussed *infra,* the individually named defendants, state actors, were acting pursuant to a policy, custom and practice, which was formulated, designed and implemented by the defendant City and NYPD, and which policy, custom and practice required the individually named defendants to make a certain, predetermined number and amount of arrests each week, month and year, irrespective of the conditions or lack of criminal conduct that existed in their precinct or sector during their shifts or tours.

66.     That these policies, customs and practices also encouraged, taught, instructed and/or required police officers to make arrests, stops, detentions and to target members of the public based on their appearance, race, ethnicity and irrespective of their conduct, lawful or otherwise, thereby violating the rights of the public, including the plaintiff herein.

67.     These policies, customs and practices were designed and formulated by the defendants City and NYPD and implemented and effectuated by its officers, by their very nature violated the rights of the public, and violated the rights of the plaintiff herein.

68.     That at all times relevant herein, the agents, servants and/or employees of NYPD and The City, including, but not limited to, P.O. McManus and Sgt. Louis, knew or reasonably should have known that Mr. John was innocent of all allegations against him.

69.     That at all times relevant herein, the agents, servants and/or employees of NYPD and The City, including, but not limited to, P.O. McManus, Sgt. Louis, P.O. Gilkes and P.O. Guele actually knew or reasonably should have known that the allegations against Mr. John were fabricated and fraudulent.

70.     That at all times relevant herein, the agents, servants and/or employees of NYPD and The City, including, but not limited to, P P.O. McManus, Sgt. Louis, P.O. Gilkes and P.O. Guele, conspired to fraudulently and maliciously accuse Mr. John of crimes of which he was innocent ("the malfeasance").

71.     That defendants knew, and/or reasonably should have known, that there was no basis whatsoever to charge Mr. John under the false charges.

72.     Moreover, the complete and utter lack of merit and baseless nature of any conceivable criminal investigation and/or criminal prosecution of Mr. John was readily apparent and patently obvious to all defendants but yet said criminal investigation and/or criminal prosecution of Mr. John

continued unabated, causing serious injury to Mr. John and infringing, violating and rupturing his civil rights.

73.     That defendants' their agents, servants, and/or employees unlawfully and falsely arrested and imprisoned Mr. John in furtherance to the malfeasance.

74.     That at all times relevant herein, P.O. McManus, Sgt. Louis, P.O. Gilkes and P.O. Guele used excessive force and physical force upon Mr. John causing him to sustain severe and permanent injuries, despite the fact that plaintiff did not pose a threat to the physical safety of either officer, or to the public at large, or to any third party.

75.     Furthermore, the defendants used excessive force against the plaintiff despite the plaintiff's submissive and non-threatening conduct, which was duly deferential and respectful of the defendants' apparent authority as law enforcement officers and/or state actors engaged in a law enforcement capacity.

76.     That at all times relevant herein, during the unlawful apprehension, detention, arrest, imprisonment, assault and battery of Mr. John, the NYPD police officers used excessive, unnecessary and unwarranted force upon Mr. John, without his consent and without justification or legal basis.

77.     That at all times relevant herein, Mr. John suffered extreme, disabling and protracted pain to his head, neck, back and limbs as a result of the excessive force.

78.     That at all times relevant herein, notwithstanding that the apprehension, arrest, detention and imprisonment was unjust, unwarranted, without cause, with excessive force and unlawful, Mr. John complied with the officers' commands and did not resist.

79.     That at all times relevant herein, defendants, their agents, servants and/or employees, while acting in concert, maliciously and with the intent to injure Mr. John, and without just cause or

any right to do so, handcuffed, detained, jailed and restrained Mr. John against his will, thereby depriving him of his liberty.

80.     That the criminal charges filed against Mr. John were falsely and maliciously fabricated by defendants, their agents, servants and/or employees based on false and incomplete information provided by defendants, their agents, servants and/or employees, in violation of Mr. John's civil rights and in furtherance of the malfeasance.

81.     That at all times relevant herein, P.O. McManus, Sgt. Louis, P.O. Gilkes and P.O. Guele, with disregard for proper, lawful, appropriate, correct and effective investigative behaviors and procedures, investigated, stopped, detained, accused, arrested and charged Mr. John when it was not right, just, lawful, proper or necessary to do so.

82.     That at all times relevant herein, defendants, their agents, servants and/or employees had no cause or basis to stop, question or search Mr. John.

83.     That at all times relevant herein, P P.O. McManus, Sgt. Louis, P.O. Gilkes and P.O. Guele falsely arrested Mr. John for no reason and without probable cause to do so, then assaulted Mr. John and battered him as described above.

84.     That at all times relevant herein, P.O. McManus, Sgt. Louis, P.O. Gilkes and P.O. Guele placed Mr. John under arrest for crimes that he did not commit.

85.     That at all times relevant herein, Mr. John was innocent of the false charges made against him further to the malfeasance.

86.     That at all times relevant herein, defendants, their agents, servants and/or employees acted maliciously and intentionally.

87.     That at all times relevant herein, the arrest, assault, battery and detention of Mr. John were unlawful, unwarranted and unjustified.

88.     That at all times relevant herein, defendants, their agents, servants and/or employees knew or should have known that Mr. John was innocent of the crime charged.

89.     That at all times herein mentioned, and without proof that Mr. John was in any way connected to a crime, or that any crime was, in fact, committed, and without reasonable suspicion to stop Mr. John, and without probable cause to detain or arrest Mr. John, defendants, their agents, servants and/or employees individually, and acting in concert, knowingly, unlawfully, wrongfully and in furtherance of the malfeasance fabricated the false charges against Mr. John and set these charges forth in false and fabricated criminal complaints, falsely sworn by the defendant police officers.

90.     The criminal complaints and reports against plaintiff were and are false and fraudulent.

91.     Based upon the false criminal complaint and complaint reports prepared, upon information and belief, by the defendant employees, the Criminal Court arraigned Mr. John on the false charges.

92.     That at all times herein, defendants, their agents, servants and/or employees, all of whom were acting in the performance of their employment, within the scope of their authority and in furtherance of policies and practices implemented by The City and NYPD.

93.     That at all times herein, said policies and practices included the implementation of a quota system with respect to the quantity of arrests expected and/or required of its police officers, including the aforesaid police officers.

94.     That at all times herein, said policy and practice violated the civil rights of the public, including Mr. John herein.

95.     That at all times herein, defendants, their agents, servants and/or employees who participated in the arrest and investigation, imprisonment and prosecution of Mr. John were following a custom and practice of retribution and retaliation taken on behalf of P.O Doe #1 and Sgt. Louis against Mr. John.

96.     That at all times herein, P.O. McManus, Sgt. Louis, P.O. Gilkes and P.O. Guele caused the unlawful investigation of Mr. John and the false arrest, unlawful imprisonment and malicious prosecution.

97.     That at all times herein, defendants, their agents, servants and/or employees have an unlawful policy and practice that utilizes racial profiling when conducting investigations and performing its duties.

98.     That Mr. John was released from Central Booking after seeing the judge.

99.     That Mr. John was required to repeatedly appear in court to defend himself from the false charges.

100.    Mr. John has suffered and continues to suffer psychological and emotional injuries and damage as a result of the events described herein.

101.    That the aforesaid assault, battery and abuse of authority was not the first incident wherein P.O. McManus, Sgt. Louis, P.O. Gilkes and P.O. Guele committed acts of misconduct while on duty as members of NYPD.

102.    That NYPD and The City had actual and constructive notice of P P.O. McManus, Sgt. Louis, P.O. Gilkes and P.O. Guele's propensities for violence and misconduct but failed to do anything to mitigate the danger that their continued employment presented to the public at large, including the plaintiff herein.

103.    That at all times relevant herein, the NYPD and The City did fail to train and/or retrain and/or reinstruct P.O. McManus, Sgt. Louis, P.O. Gilkes and P.O. Guele after acquiring notice of their defective and dangerous propensities. The NYPD and The City did negligently hire, retain and train the individually named police officer defendants to the detriment of the public and to the plaintiff herein.

104.    That at the Police Academy, the NYPD and The City only provided one half-day of instruction on the penal law to P.O. McManus, Sgt. Louis, P.O. Gilkes and P.O. Guele.

105.    That the NYPD and The City's half day of instruction of the penal law was insufficient to properly educate and train P.O. McManus, Sgt. Louis, P.O. Gilkes and P.O. Guele in the laws and peoples' rights, which they were charged to enforce and protect.

106.    That as a direct result of this educational and training failing, Mr. John's rights as stated herein were violated.

107.    By reason of the foregoing, the above actions constitute a pattern of harassment, bias, bigotry and malfeasance on the part of the defendants, which has continued subsequent to the above events and dates in a sustained and concerted effort by the aforementioned police to intimidate Mr. John to dissuade him from leveling charges against defendants.

108.    By reason of the foregoing acts of the defendants, and as a direct and proximate result of the acts of the defendants, Mr. John suffered severe and permanent personal injuries and damages, and upon information and belief, will continue to suffer pain in the future.

109.    By reason of the foregoing acts of the defendants, Mr. John was caused severe and intense emotional and psychological anguish, distress and embarrassment and will continue to suffer same in the future.

110.    By reason of the foregoing, Mr. John was compelled to and did necessarily, require

medical attention and did necessarily pay and become liable therefore, and will necessarily continue

to incur similar expenses in the future.

111.    By reason of the foregoing, Mr. John was compelled to, and did necessarily incur

legal fees and did necessarily pay and become liable therefore, and will necessarily incur similar

legal fees in the future.

## PROCEDURAL PREREQUISITES

112.    On or about November 26, 2013, Mr. John filed a Notice of Claim against the

defendants pursuant to General Municipal Law §50e.

113.    The aforesaid Notice of Claim was duly served upon the defendants within ninety (90)

days after the causes of action of plaintiff accrued.

114.    More than thirty (30) days have elapsed since the service of the Notice of Claim upon

the defendants.

115.    That on February 24, 2014, Mr. John was present for an examination pursuant to

GML § 50-h.

116.    The defendants and the comptroller have failed, neglected, and refused to pay, settle,

compromise, or adjust the claim of the plaintiff herein.

117.    This action has been commenced within three (3) years after the cause of action of

plaintiff accrued.

118.    Plaintiff has duly complied with all of the conditions precedent to the commencement

of this action.

## FIRST CAUSE OF ACTION

AGAINST INDIVIDUAL DEFENDANTS
VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. §1983, §1985 AND §1988

119.   Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 118, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

120.   The defendants, acting in concert and individually and under the color of law, have deprived the plaintiff of his civil, constitutional and statutory rights and have conspired to deprive the plaintiff of such rights under 4th and 14th amendments and are liable to the plaintiff under the 5th amendment, 8th amendment, 42 U.S.C. §1983, §1985 and §1985.

121.   As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had his civil rights violated, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## SECOND CAUSE OF ACTION

FOR VIOLATION OF RIGHT TO PRIVACY AND UNLAWFUL ENTRY

122.   Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 121, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

123.    At all times herein, Mr. John had a reasonable expectation of privacy to his backyard which falls with the curtilage of his home.

124.    Where there is no warrant, probable cause alone does not excuse entering private property to effectuate an arrest.

125.    Under the Federal Constitutions Fourth Amendment, defendants' police officers needed either a warrant, or probable cause plus exigent circumstances, in order to make a lawful entry into Mr. John's premises.

126.    At all times herein, defendants' police officers did not have a warrant, or probable cause plus exigent circumstances, in order to make a lawful entry into Mr. John's premises.

127.    At all times herein, the warrantless entry of Mr. John's premises was *per se* unreasonable.

128.    That by reason of the foregoing, defendants' police officers unlawfully entered Mr. John's premises and violated his right to privacy, thereby causing him to sustain consequential injury and damage.

129.    As a result of the aforementioned conduct of the individual defendants, Mr. John's constitutional rights were violated, and he has accordingly been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

130.    Plaintiff claims compensatory and punitive damages for the violations set forth above.

### THIRD CAUSE OF ACTION

UNREASONABLE AND EXCESSIVE FORCE
VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. §1983, §1985 AND §1988

131.   Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 130, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

132.   By their conduct, defendants under color of law deprived Mr. John of his constitutional rights to be free from excessive and unreasonable force.

133.   Plaintiff claims compensatory and punitive damages for the injuries set forth above and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### FOURTH CAUSE OF ACTION

ASSAULT AND BATTERY

134.   Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 133, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

135.   By reason of defendants' aforesaid acts, specifically in the course of their false arrest and imprisonment of the plaintiff, defendants committed the torts of assault and battery upon him.

136.   That at all relevant times herein, defendants, their agents, servants and/or employees were under a duty to protect Mr. John from the violation of his civil rights, menacing, assault, battery, excessive force, brutality, and/or other intentional acts, negligence, recklessness and/or want of care in his unlawful detention and/or arrest by the NYPD police officers committing said acts.

137.     That at all relevant times herein, defendants, their agents, servants and/or employees menaced, assaulted, battered, and used excessive force, maliciousness and brutality in the arrest, detention and custody of Mr. John.

138.     That at all relevant times herein, defendants, their agents, servants and/or employees caused Mr. John to reasonably apprehend that he was about to be harmfully and offensively contacted in his arrest and detention.

139.     That at all relevant times herein, defendants, their agents, servants and/or employees offensively contacted and harmed Mr. John during his arrest and detention.

140.     That at all relevant times herein, defendants, their agents, servants and/or employees acted in an unsafe and unreasonable manner in the arrest, detention and custody of Mr. John under the circumstances and conditions then and there existing.

141.     That at all relevant times herein, defendants, their agents, servants and/or employees were negligent, reckless and intentional in their failure to protect Mr. John from the violation of his civil rights, menacing, assault, battery, excessive force and brutality in his arrest and/or detention.

142.     That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had his civil rights violated, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## **FIFTH CAUSE OF ACTION**
### FAILURE TO INTERVENE

143.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 142, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

144.    Each and every individual defendant had an affirmative duty to intervene on Mr. John's behalf to prevent the violation of his constitutional rights.

145.    The individual defendants failed to intervene on Mr. John's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

146.    As a result of the aforementioned conduct of the individual defendants, Mr. John's constitutional rights were violated and he was subjected to excessive force, causing him to suffer injuries including but not limited to severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, severe and permanent personal physical injuries, loss of enjoyment of life, had his civil rights violated, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## SIXTH CAUSE OF ACTION
### PUNITIVE DAMAGES

147.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 146, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

148.    Due to the above, Mr. John should be awarded punitive damages as against the defendants in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

**WHEREFORE,** plaintiff, JOEL JOHN, demands judgment against the defendants stated herein under the first cause of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter; under the second cause of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter; under the third cause of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter; under the fourth cause of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter; under the fifth cause of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter; under the sixth cause of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter;, together with the costs and disbursements of this action.

Dated: Brooklyn, New York
      October 25, 2016

By: _____
      ROBERT J. DI GIANNI JR., ESQ.
      Attorney for Plaintiff
      156 20th Street, Suite 1B-20
      Brooklyn, New York 11232
      (718) 245-6980

UNITED STATES DISTRICT COURT
EASTER DISTRICT OF NEW YORK

JOEL JOHN,

Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT,
P.O. JOHN MCMANUS, Shield No. 15975,
SGT. CLIFFORD LOUIS, Shield No. 07293,
P.O. ANTOINE GILKES, Shield No. 09869 and
P.O. NICHOLAS GUELE, Shield No. 24876,

Defendants.

## SECOND AMENDED COMPLAINT

ROBERT J. DI GIANNI JR., ESQ.
ATTORNEY FOR PLAINTIFF
159 20TH STREET, SUITE 1B-20
BROOKLYN, NEW YORK 11232
TELEPHONE: 718-245-6980
rjd@digiannilaw.com