UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

JOEL JOHN,

                Plaintiff,

     -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, P.O. JOHN MCMANUS,
Shield No. 15975, SGT. CLIFFORD LOUIS,
Shield No. 07293, P.O. ANTOINE GILKES,
Shield No. 09869, and P.O. NICHOLAS GUELE,
Shield No. 24876

                Defendants.

-------------------------------------------------------------------x

**MEMORANDUM OF DECISION AND ORDER**

14-CV-5721 (LDH) (CLP)

LaSHANN DeARCY HALL, United States District Judge:

       Plaintiff Joel John brings this action against Defendants the City of New York (the "City"), the New York City Police Department (the "NYPD"), Sergeant Clifford Louis, and police officers John McManus, Antoine Gilkes, and Nicholas Guele (the "Officer Defendants") (together "Defendants"), alleging violations of his rights secured by state and federal laws in connection with events that occurred on August 30, 2013, and September 8, 2013. Defendants move pursuant to Federal Rule of Civil Procedure 56 to dismiss the complaint in its entirety.

**UNDISPUTED FACTS[1]**

       On the night of August 30, 2013, Plaintiff hosted an outdoor event at his home at 1935 Bedford Avenue, in Brooklyn, New York. (Pl.'s 56.1 Statement ¶¶ 4, 6, 9, ECF No. 42.) There are two homes located on the lot at 1935 Bedford Avenue, both of which are occupied by

---

[1] The facts stated herein are undisputed unless otherwise noted.

1

Plaintiff and his family. (*Id.* ¶ 5; Braun Decl. Ex. C, at 23:21-24:14, ECF No. 40-3.) At approximately 11:43 p.m., a 311 complaint was received concerning loud music at Plaintiff's home. (Pl.'s 56.1 Statement ¶ 1.) In response to the complaint, officers were dispatched to Plaintiff's address and informed him of the noise complaint. (*Id.* ¶¶ 15-16.) Shortly after the officers arrived, a verbal altercation ensued between Plaintiff and the officers. (*Id.* ¶¶ 17-18.) Plaintiff alleges – and Defendants dispute – that he was physically assaulted by officers and sustained injuries to his arm, leg, and face. (*Id.* ¶¶ 25-26; *see also* Defs.' Reply Br. 7-8, ECF No. 44.) Specifically, Plaintiff testified that an officer twisted his hand and shoved his face onto the hood of a car while another officer punched him in the face. (Braun Decl. Ex. C, at 94:6-20, ECF No. 40-4.) Plaintiff was subsequently arrested. (Pl.'s 56.1 Statement ¶ 21.) At some point prior to his arrest, officers instructed Plaintiff to place his hands behind his back. (*Id.* ¶ 19.) Plaintiff initially did not comply with this request (*id.* ¶ 20), but was ultimately arrested in the driveway of his property. (*Id.* ¶ 21.) Plaintiff testified that he told the officers after he was arrested that he wanted medical treatment for his injuries but did not receive any such treatment. (*Id.* ¶ 26; *see also* Braun Decl. Ex. C, 126:19-127:6.)

By criminal court complaint dated August 31, 2013, Plaintiff was charged with resisting arrest, unlawful possession of marijuana, and prohibited noise. (Pl.'s 56.1 Statement ¶ 29; Braun Decl. Ex. G, ECF No. 40-8.) On December 9, 2014, Plaintiff accepted an adjournment in contemplation of dismissal for those charges. (Pl.'s 56.1 Statement ¶ 30; Braun Decl. Ex. H, ECF No. 40-9.)

## STANDARD OF REVIEW

A motion for summary judgment should be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a). A "material fact" is one "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247-48. The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets that burden, the non-movant may defeat summary judgment only by producing evidence of specific facts that raise a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *see also Anderson*, 477 U.S. at 248 (noting that party opposing a properly supported motion for summary judgment must set forth specific facts showing that there is a genuine issue for trial); *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002) (non-moving party must "go beyond the pleadings" to show that there is a genuine issue for trial). To do so, non-movants must present concrete evidence and rely on more than conclusory or speculative claims. *See Castro v. County of Nassau*, 739 F. Supp. 2d 153, 165 (E.D.N.Y. 2010) ("[T]he nonmoving party may not rest upon mere conclusory allegations or denials but must set forth 'concrete particulars' showing that a trial is needed.") (citing *R.G. Grp., Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984)). That is, although the court is to view the facts presented in the light most favorable to the non-movant, drawing all reasonable inferences in his favor, *Anderson*, 477 U.S. at 255, the non-movant must still do more than merely assert conclusions that are unsupported by arguments or facts. *See Castro*, 739 F. Supp. 2d at 165 (citing *Bellsouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996)).

# DISCUSSION

Plaintiff brings claims for excessive force, assault and battery, and failure to intervene, pursuant to 42 U.S.C. § 1983, for injuries he is alleged to have suffered as a result of the events that occurred on August 30, 2013.[2]  (*See* Am. Compl., ECF No. 11.)

Defendants move for summary judgment on Plaintiff's excessive force, assault and battery, and failure to intervene claims, and also seek a determination that, as a matter of law, the Officer Defendants are entitled to qualified immunity from any liability that may arise from the events that occurred on both August 30, and September 8, 2013.[3]

## I. Excessive Force and Assault and Battery Claims

### A. Excessive Force Claim

It is long settled that the Fourth Amendment protects people from the use of excessive force during an arrest.  *See Tracy v. Freshwater*, 623 F.3d 90, 96 (2d Cir. 2010) (noting that use of force that is unreasonable is "therefore excessive"); *see also Lemmo v. McKoy*, No. 08-cv-4264, 2011 WL 843974, at *4 (E.D.N.Y. Mar. 8, 2011) (explaining that excessive force claim for conduct alleged to have occurred during an arrest is governed by Fourth Amendment standard). In assessing a claim brought for excessive force, the question is whether the force was objectively reasonable under the circumstances.  *Lemmo*, 2011 WL 843974, at *4 (quoting

---

[2] At a pre-trial conference held on October 17, 2016, Plaintiff informed the Court that he was voluntarily withdrawing the following claims: false arrest (First Cause of Action), unlawful imprisonment (Second Cause of Action), municipal liability (Fourth Cause of Action), and negligence (Fifteenth Cause of Action).  (*See* Minute Entry and Order dated Oct. 17, 2016, ECF No. 60.)  As such, the Court does not address Defendants' arguments concerning these claims.  Additionally, having been granted leave of the Court on October 26, 2016, Plaintiff filed an amended complaint on October 27, 2016, which included a claim under 42 U.S.C. § 1983 for unlawful entry in violation of the Fourth Amendment.  (*See* Minute Entry and Order dated Oct. 26, 2016; Am. Compl., ECF No. 64.)  Because the unlawful entry claim was not the subject of Defendants' motion for summary judgment, the Court does not address this claim in this Memorandum of Decision and Order.

[3] The only claim raised by Plaintiff in connection with the events of September 8, 2013, which are not set forth in this Memorandum of Decision and Order, is one for unlawful entry.  Because that claim is not the subject of Defendants' motion for summary judgment, the Court is unable to determine whether the Officer Defendants are entitled to qualified immunity for any liability that may arise from events that occurred that day.

*Graham v. Connor*, 490 U.S. 386, 396 (1989)). Thus, "the inquiry is necessarily case and fact specific and requires balancing the nature and quality of the intrusion on the plaintiff's Fourth Amendment interests against the countervailing governmental interests at stake." *Freshwater*, 623 F.3d at 96 (citing *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 123 (2d Cir. 2004)); *see also Brown v. City of New York*, 798 F.3d 94, 100 (2d Cir. 2015) (citing *Graham*, 490 U.S. at 396). Among other things, courts consider the severity of the crime, whether the suspect posed an immediate threat to those around him, and whether the suspect was actively resisting arrest. *See Brown*, 798 F.3d at 100 (listing factors and quoting *Graham*, 490 U.S. at 396); *Pooler v. Hempstead Police Dep't*, 897 F. Supp. 2d 12, 25 (E.D.N.Y. 2012) (citing same factors as part of court's "inquiry into the totality of the circumstances").

Defendants argue that their motion should be granted in their favor because Plaintiff failed to put forth evidence of significant injuries and did not seek medical treatment. (Defs.' Mot. 14, ECF No. 38.) The Court finds this position unpersuasive. Courts in this Circuit routinely deny motions for summary judgment on excessive force claims where plaintiffs have alleged even lesser amounts of force and similarly did not allege to have suffered severe injuries. *See Robison v. Via*, 821 F.2d 913, 923-24 (2d Cir. 1987) (affirming denial of summary judgment where plaintiff alleged officers "yanked" her from her car, pushed her, and twisted her arm, and she did not seek medical treatment for her injuries, because "[i]f the force used was unreasonable and excessive, the plaintiff may recover even if the injuries inflicted were not permanent or severe"); *Lemmo*, 2011 WL 843974, at *7 (denying defendants' motion for summary judgment on claim that "cranking" of plaintiff's thumbs could have been excessive because it may have been "entirely gratuitous"); *Li v. Aponte*, No. 05-cv-6237, 2008 WL 4308127, at *6 (S.D.N.Y. Sept. 16, 2008) (denying summary judgment on assault and battery claim under "parallel" Fourth

5

Amendment standard where plaintiff had evidence of bruising and finding that "[e]ven setting aside the evidence of [plaintiff's] injuries, repeatedly pushing and pressing an arrestee against a column is within the bounds of actionable conduct"); *Pierre-Antoine v. City of New York*, No. 04-cv-6987, 2006 WL 1292076, at *5 (S.D.N.Y. May 9, 2006) (denying defendant's motion for summary judgment where medical evidence did not reveal severe injury because the fact finder was entitled to weigh strength of medical evidence against plaintiff's testimony to determine whether force was excessive); *see also Davenport v. County of Suffolk*, No. 99-cv-3088, 2007 WL 608125, at *10-11 (E.D.N.Y. Feb. 23, 2007) (permitting plaintiff to amend complaint to allege excessive force claim because plaintiff may have been able "to demonstrate that the officer intentionally hit [plaintiff's] head on the car during the arrest, causing an injury to his head, and he could argue that this alleged gratuitous use of force by an officer constituted an objectively unreasonable use of force"). Plaintiff is simply not required to demonstrate that he suffered severe and/or significant injuries as Defendants argue.

Moreover, there remain disputed issues of material fact as to the level of force that was used to effectuate Plaintiff's arrest. Construing the evidence most favorably to Plaintiff, as the Court must, his hand was twisted, he was punched in the face, and shoved onto the hood of a car while being arrested in response to complaints of loud music. (*See* Braun Decl. Ex. C, at 94:6-20.) In responding, Defendants provide no detail as to what force was used against Plaintiff that evening. Defendants' contention that because there is no evidence that Plaintiff suffered significant injuries, only *de minimus* force, if any, was used is conclusory at best. (*See* Defs.' Mot. 14.) This naked assertion is certainly not sufficient to provide a basis to grant Defendants' motion for summary judgment. And even if, as Defendants argue, the arresting officers were concerned that Plaintiff's initial refusal to submit to arrest threatened their safety (Defs.' Reply

Br. 6-8), their lack of detail as to what force, if any, was used, has deprived the Court of an opportunity to determine whether that force was reasonable under the circumstances. *See Pooler*, 897 F. Supp. 2d at 26-27 (denying defendants' motion for summary judgment on excessive force claim, in part, because defendants failed to explain circumstances surrounding alleged use of force). Alternatively, Defendants maintain that whatever force was used was reasonable in light of Plaintiff's refusal to comply with the officers' orders. (Defs.' Reply Br. 8.) Here again, their lack of detail prevents a finding in their favor.

Next, Defendants maintain that any excessive force claim should be dismissed because Plaintiff has not alleged the personal involvement of any of the Officer Defendants. (Defs.' Mot. 14-15.) Defendants are correct that personal involvement of the defendants is required for a plaintiff to survive a motion for summary judgment on an excessive force claim under § 1983. *See Medina v. Donaldson*, No. 10-cv-5922, 2014 WL 1010951, at *6 (E.D.N.Y. Mar. 14, 2014) ("[I]t is well settled in this Circuit that [the] personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (quoting *Provost v. City of Newburgh*, 262 F.3d 146, 154 (2d Cir. 2001)); *Ricks v. O'Hanlon*, No. 07-cv-9849, 2010 WL 245550, at *4 (S.D.N.Y. Jan. 19, 2010) (personal involvement required to prevail on excessive force claim). A plaintiff need not, however, positively identify which officers used the alleged excessive force against him to defeat a motion for summary judgment. *See Ricks*, 2010 WL 245550, at *5 ("Although [plaintiff] cannot identify the officers who allegedly assaulted him and provides no corroborating evidence that [defendant] committed any specific act, he 'need not establish who, among a group of officers, directly participated in the attack and who failed to intervene.'") (quoting *Jeffreys v. Rossi*, 275 F. Supp. 2d. 463, 474 (S.D.N.Y. 2003) (citation omitted)). Defendants argue that Plaintiff's failure to identify which

7

officers used excessive force against him requires the grant of summary judgment in their favor. (Defs.' Mot. 14-15.)

Rather, Plaintiff need only produce evidence that the Officer Defendants were present on the night in question and participated in his arrest. *See Hamilton v. City of Peekskill Police Dep't*, No. 13-cv-8138, 2015 WL 4635692, at *3 (S.D.N.Y. Aug. 3, 2015) (denying summary judgment because "[a] reasonable jury could infer that [defendant officers] both perpetrated the attack because they conceded that they were the officers on the scene."); *Ricks*, 2010 WL 245550, at *4-5 (denying defendant officer's motion for summary judgment where there was evidence defendant was present and participated in the apprehension of plaintiff). This is especially true where a plaintiff has alleged that more than one officer was involved in his arrest.

Here, there is no dispute that each of the Officer Defendants was present[4] and Plaintiff testified that more than one officer was involved in the alleged attack. (*See* Braun Decl. Ex. C, at 94:6-20.) These facts are sufficient to create a genuine issue of triable fact to defeat summary judgment. *See De Michele v. City of New York*, No. 09-cv-9334, 2012 WL 4354763, at *16-17 (S.D.N.Y. Sept. 24, 2012) (denying defendants' motion for summary judgment on excessive force claim where officers' presence at time of arrest was undisputed and events as plaintiff described them would have "prevent[ed] him for seeing which officers were taking what actions").

For all of the aforementioned reasons, Defendants' motion for summary judgment as to Plaintiff's excessive force claim is denied.

---

[4] In their reply brief in further support of their motion for summary judgment, Defendants argue that claims against Defendant Guele should be dismissed with respect to the events of August 30, 2013, because he was not present at the scene. (Defs.' Reply Br. 9.) However, in a letter to the Court dated October 18, 2016, Plaintiff withdrew his excessive force, failure to intervene, unlawful entry, and punitive damages claims against Defendant Guele (Pl.'s Oct. 18, 2016 Letter, ECF No. 56), and as such, the Court does not address this argument in the Memorandum of Decision and Order.

### B. Assault and Battery Claim

Courts in the Second Circuit have found that "[f]ederal excessive force claims and state law assault and battery claims against police officers are nearly identical." *Graham v. City of New York*, 928 F. Supp. 2d 610, 624 (E.D.N.Y. 2013); *Pierre-Antoine*, 2006 WL 1292076, at *8 ("Plaintiffs' state law assault claims effectively duplicate their constitutional excessive force claims . . . ."). As with Plaintiff's excessive force claim, there are questions of material fact that similarly preclude a grant of summary judgment. *See Graham*, 928 F. Supp. 2d at 625 ("Since there are questions of fact regarding Plaintiff's excessive force claim, there are also questions of fact regarding Plaintiff's state law assault and battery claims . . . ."); *Pierre-Antoine*, 2006 WL 1292076, at *8 (denying motion for summary judgment as to assault claim in light of questions of fact surrounding excessive force claim). Defendants' motion as to Plaintiff's assault and battery claim is denied.

## II. Failure to Intervene Claim

A police officer "has an affirmative duty to intercede on the behalf of a citizen whose constitutional rights are being violated in his presence by other officers." *O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir. 1988). Defendants argue that the failure to intervene claim must be dismissed because Plaintiff has not proven that he was subjected to excessive force. (Def.'s Mot. 15.) As discussed above, Defendants have failed to demonstrate that there are no genuine issues of material fact to be resolved at trial. Whether an officer failed to intervene to prevent an unlawful use of force is a fact-intensive inquiry that looks at, among other things, "the number of officers present, their relative placement, the environment in which they acted, [and] the nature of the assault . . . ." *Figueroa v. Mazza*, 825 F.3d 89, 107 (2d Cir. 2016). The Court cannot determine whether excessive force was used and therefore cannot determine whether any of the

9

Officer Defendants failed to intervene to prevent the deprivation of Plaintiff's constitutional rights. *See Espinoza v. City of New York*, 194 F. Supp. 3d 203, 207 (E.D.N.Y. 2016) ("[B]ecause facts surrounding the alleged assault—including which officers used force and which were duty-bound to intervene—are in dispute, summary judgment on this claim is denied."). For these reasons, Defendants' motion as to Plaintiff's failure to intervene claim is denied.

### III. Qualified Immunity

A police officer is entitled to qualified immunity if his "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). In assessing whether an officer is entitled to qualified immunity a court must consider: "(1) whether plaintiff has shown facts making out [a] violation of a constitutional right; (2) if so, whether that right was 'clearly established'; and (3) even if the right was 'clearly established,' whether it was 'objectively reasonable' for the officer to believe the conduct at issue was lawful." *Id.* (quoting *Taravella v. Town of Wolcott*, 599 F.3d 129, 133-34 (2d Cir. 2010)). Here, where there are questions of material fact as to the reasonableness of the force used during Plaintiff's arrest, summary judgment on the ground of qualified immunity is not appropriate. *See Frederique v. County of Nassau*, 168 F. Supp. 3d 456, 479 (E.D.N.Y. 2016) ("[S]ummary judgment on qualified immunity grounds is inappropriate where genuine issues of fact preclude a finding that an officer's actions were objectively reasonable."). Defendants' motion for qualified immunity is denied.

## CONCLUSION

Based on the foregoing, Defendants' motion for summary judgment is denied with respect to Plaintiff's excessive force, assault and battery, failure to intervene, and qualified immunity claims.  The Clerk of Court is hereby directed to enter judgment accordingly.

Dated: Brooklyn, New York
      March 13, 2017　　　　　　　　　　SO ORDERED:

　　　　　　　　　　　　　　　　　　　　　　　　/s/LDH

　　　　　　　　　　　　　　　　　　　LaSHANN DeARCY HALL
　　　　　　　　　　　　　　　　　　　United States District Judge